**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **QIAN LIAN**,<br><br>Petitioner,<br><br>*v.*<br><br>**J.L. JAMISON**, *Warden, Federal Detention Center, Philadelphia, et al.*<br><br>Respondents. | **CIVIL ACTION**<br><br>**NO. 26-7549-KSM** |

**ORDER**

**AND NOW**, this 14th day of October, 2026, upon consideration of Qian Lian's Petition for Writ of Habeas Corpus (Doc. No. 1), this Court finds as follows:

1. Petitioner is a citizen of the People's Republic of China who entered the United States without inspection on or about August 17, 2023 near Tecate, California. (Doc. No. 3–2 at 3.) At some time after entering the United States, Petitioner was apprehended and detained by United States Customs and Border Protection. That same day he was released from custody. (Doc. No. 3–1 at 2). On August 18, 2023, he was served with a Notice to Appear ("NTA") in Immigration Court by the United States Department of Homeland Security ("DHS") (Doc. No. 3–1). His immigration proceedings remain pending as of the date of this Order.

2. On September 21, 2026, while he was attending a routine check-in with the United States Immigration and Customs Enforcement ("ICE") in Philadelphia, ICE agents detained him pursuant to an arrest warrant issued that same day. (*See* Doc. No. 3–3). At the same time, an ICE agent with badge number 7018 and title "SDDO"[1] determined that Petitioner

[1] The Court understands this to stand for "Supervisory Detention and Deportation Officer".

would be detained "pending a final administrative determination in [his] case" (Doc. No. 3–4 at 2.) Following this arrest, ICE agents transported Petitioner to the Federal Detention Center ("FDC") where he remains[2].

3. After his arrest, Petitioner requested review of ICE's custody determination by an immigration judge, as reflected on his Form I-286. (Doc. No. 3–4 at 2 ("I **do** request an immigration judge review of this custody determination.") (emphasis in original)). "ICE filed the Notice of Custody Determination with the immigration court on September 21, 2026, which will now trigger the immigration court scheduling Petitioner for a bond hearing before an immigration judge." (Doc. No. 3 at 11.)

4. On September 30, 2026, Petitioner filed the instant Petition, in which he argues that habeas relief is warranted because his "re-arrest and re-detention absent materially changed circumstances and without a pre-deprivation hearing" violates the due process clause of the Fifth Amendment.[3] (Doc. No. 1 at 15.) The Government opposes the Petition, arguing that the Court

[2] Upon receipt and review of the Petition on September 30, 2026, this Court issued an Order enjoining Respondents from moving Petitioner from the Eastern District of Pennsylvania pending the outcome of this action. (Do. No. 4)

[3] Petitioner also argues that habeas relief is warranted because of ICE Philadelphia Field Office's purported "rescission" of its "Changed Circumstances Policy" in violation of (1) the Administrative Procedure Act ("APA") under 5 U.S.C. § 706(2)(A) as arbitrary and capricious, (2) the APA under 5 U.S.C. § 706(2)(B) as contrary to Petitioner's Fourth Amendment constitutional right, and (3) the *Accardi* doctrine under 8 C.F.R. § 236.1(c)(8). (Doc. No. 1 at 28–31.) Under Petitioner's stated cause of action, 28 U.S.C. § 2241, the Court has authority to grant a writ of habeas corpus to a petitioner whose *custody* is in violation of the Constitution or laws or treaties of the United States. (*See* Doc. No. 1-1 at 1 (citing civil complaint's "Cause of Action" as "28 U.S.C. § 2241").) As with his due process claims, the Court finds Petitioner has not made a sufficient showing that his arrest and custody so "clearly and unambiguously" violate the APA such that exhaustion should be excused and habeas relief is warranted. The Court makes no ruling on whether Petitioner has a separate, viable APA claim. To the extent he is attempting to bring a standalone claim apart from his petition for writ of habeas corpus, Petitioner can file a civil complaint against the appropriate parties under an APA cause of action. *See Soumare et al. v. Rife et al.*, No. 2:26-cv-04332-PD (E.D. Pa. June 24, 2026) (initiating a putative class action against the government under the APA challenging the recission of ICE Philadelphia Field Office's purported "Changed Circumstances Policy")._

should deny habeas relief because he is lawfully detained under 8 U.S.C. 1226(a) and has not exhausted his administrative remedies, and his due process claims fail under the *Mathews v. Eldridge* test. (*See generally* Doc. No. 3.)

5. Here, Petitioner carries the burden of showing his detention violates the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Petitioner has not met that burden.

6. The Court finds that it is undisputed that Petitioner was—and remains currently—detained under Section 236 of the INA, 8 U.S.C. § 1226(a). (*See* Doc. No. 3–4 at 2 (stating Petitioner was being detained "[p]ursuant to the authority contained in Section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations"); Doc. No. 10 at 3 (conceding that "DHS and Immigration Customs Enforcement (ICE) . . . arrest[ed] and detain[ed] Petitioner under 8 U.S.C. § 1226(a)").) Section 1226(a) of the INA permits ICE to, pursuant to a warrant issued by the Attorney General, "arrest[ ] and detain[ ] [an alien] pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). This provision and its implementing regulations also provide a two-step administrative process by which an alien may request review of a custody determination: (1) the detained noncitizen may request a bond redetermination hearing before an immigration judge; and (2) the noncitizen may appeal the immigration judge's bond decision to the Board of Immigration Appeals. *Ubaid v. Jamison*, No. 26cv2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (citing 8 C.F.R. § 236.1(d)).[4]

---

[4] In relevant part, Section 236.1(d)(1), (3) states: "(1) *Application to immigration judge.* After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released. . . . (3) ***Appeal to the Board of Immigration Appeals.*** An appeal relating to bond and custody determinations may be filed to the Board of Immigration Appeals . . . ." (emphasis in original).

7. "In general, [a petitioner] must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241." *Ubaid*, 2026 WL 1346670, at *3 (quoting *Pinet v. Holt*, 316 F. App'x 169, 171 (3d Cir. 2009)). "Although there is no statutory exhaustion requirement attached to § 2241, [courts] have consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). The exhaustion doctrine is justified by three policy concerns: (1) "deference to Congress' decision, embodied in statute, that an independent administrative tribunal, and not the courts, should serve as the initial forum for dispute resolution"; (2) "respect for administrative autonomy by forbidding unnecessary judicial interruption of the administrative process"; and (3) "foster[ing] judicial economy both by permitting the administrative tribunal to vindicate a complaining party's rights in the course of its proceedings, thereby obviating judicial intervention, and by encouraging the tribunal to make findings of fact on which courts can later rely in their decisionmaking." *Republic Indus., Inc. v. Cent. Pa. Teamsters Pension Fund*, 693 F.2d 290, 293 (3d Cir. 1982).

8. There are limited exceptions to exhaustion. "Exhaustion is not required if administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). The Third Circuit Court of Appeals has "ruled that these exceptions apply only in extraordinary circumstances." *Republic Indus., Inc.*, 693 F.2d at 294 (cleaned up).

9. Here, Petitioner has not exhausted his administrative remedies prior to filing this habeas petition and the Court does not find his claims meet any of the exceptions through which exhaustion would be excused. Petitioner argues that exhaustion would be futile because

(1) Respondents failed to conduct an initial custody determination, and (2) Respondents' actions, although generally described, "clearly and unambiguously violate constitutional rights." (Doc. No. 1 at 8–11.) We disagree.

10. As to the first argument, Petitioner's failure to grapple with the Notice of Custody Determination supplied by the Government dooms his request to excuse exhaustion. (*See* Doc. No. 3 – 4.) While Petitioner claims there must be a sufficiently individualized process prior to "re-detention," he points to no section of either Section 1226(a) or its implementing regulations that require more than what the Government did here.[5] He does not dispute that the Government arrested him pursuant to an administrative warrant, and that an ICE official—in his or her discretion—determined that Petitioner would be detailed without bond. And even though Petitioner has spent the last three years out of custody on his own recognizance, Section 1226(a)'s implementing regulations expressly authorize immigration officials to, as they did here, revoke a prior release and return a noncitizen to custody. *See* 8 C.F.R. § 236.1(c)(9). So, based upon the evidence before the Court, it is not at all clear that ICE failed to follow either Section 1226(a) or its implementing regulations when arresting and detaining Petitioner. *Cf. Lyons*, 840 F.2d at 205 (allowing exhaustion to be excused when agency "clearly and unambiguously violate[s] statutory or constitutional rights").

---

[5] Petitioner argues that "it is a violation of Mr. Lian's procedural due process rights to re-detain him without a pre-deprivation process" (Doc. No. 1 at 2.), and in support, cites, among others, *Sanchez-Ynoa v. Jamison, et al.*, No. 26-cv-06726 (E.D. Pa. Sept. 9, 2026), a prior opinion by this Court. Petitioner fails to appreciate that *Sanchez-Ynoa* is factually inapposite. There, the Government purported to *mandatorily* detain a noncitizen under Section 1225(b)(2)(A), meaning the noncitizen would not have any opportunity to challenge their detention during their removal proceedings. Here, the Government has exercised its discretion under Section 1226(a) to detain Petitioner, and Petitioner will receive a bond hearing during which he can challenge that initial custody determination. As such, Petitioner is receiving the statutory and constitutional process he is due. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").

11. As to the second argument, Petitioner's claims that his due process rights have been violated and thus exhaustion should be excused (*see* Doc. No. 1 at 8–11, 13–21) similarly fails when applied to the particular facts of this action. *First*, there is minimal evidence that Petitioner's substantive due process rights have been violated, as it is clear from the record that Petitioner was detained pursuant to the Government's statutory authority after the issuance of an arrest warrant and that the Government will provide him with a bond hearing. (*See* Doc. No. 3-4). *Second*, as to procedural due process, under the three-factor balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), there are competing considerations, which make it far from clear or unambiguous that there has been a constitutional violation here. *See Lyons*, 840 F.2d at 205. Such determinations are better left for an administrative tribunal to consider prior to any action from this Court. Especially as requiring exhaustion is "particularly important in the resolution of cases involving constitutional issues," as here. *Republic Indus., Inc.*, 693 F.2d at 293 ("If the administrative tribunal decides a case on nonconstitutional grounds, the court may find it unnecessary to proceed with constitutional adjudication. In this way, exhaustion furthers the concept of judicial restraint.").

For these reasons, we find that Petitioner has failed to exhaust his available administrative remedies, and therefore, the Petition (Doc. No. 1) is **DENIED**. This Court's September 30, 2026 no-transfer order (Doc. No. 4) is **VACATED** so that Mr. Lian may proceed with the available administrative process. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

KAREN SPENCER MARSTON, J.